IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW KEITH McCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-1234-JDT-egb |
| | ) | |
| BENTON COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Matthew Keith McClure, a resident of Murfreesboro, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 14, 2013, while he was confined at the Benton County Jail in Camden, Tennessee. (ECF No. 1.) On September 3, 2013, Plaintiff notified the Court that he had been released and provided his new address. (ECF No. 5.) The Court issued an order on December 4, 2013, granting leave to proceed *in forma pauperis*, dismissing portions of the complaint, and directing that process be served on Defendants Benton County, Patricia Chandler, Advanced Correctional Healthcare, Inc. ("ACH"), and Crystal White. (ECF No. 8.) Plaintiff was also ordered to promptly notify the Clerk of any change of address and warned that failure to do so could result in dismissal of the case without further notice. (*Id.* at 7.)

On November 10, 2014, Defendants Chandler and Benton County filed a motion to compel discovery (ECF No. 35), stating that Plaintiff had provided no answers to written discovery requests served on September 25, 2014. Plaintiff did not file a response, and the Court granted the motion to compel on December 16, 2014. (ECF No. 40.) Plaintiff was ordered to provide his discovery answers on or before January 9, 2015, and warned that failure to do so could result in the imposition of sanctions, including the dismissal of this case, without further notice. (*Id.*)

On December 19, 2014, Defendants White and ACH also filed a motion to compel, stating that Plaintiff had not answered their written discovery requests, which were served on October, 1, 2014. (ECF No. 41.) Plaintiff failed to respond to that motion as well. Subsequently, on January 5, 2015, these Defendants filed a Notice (ECF No. 42) stating that the copy of the motion to compel that counsel had sent to Plaintiff at his address of record, by certified mail, was returned on December 29, 2014, marked "Return to Sender," "Attempted - Not Known," and "Unable to Forward." (ECF No. 42-1.)

On January 12, 2015, Defendants Chandler and Benton County filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), stating that Plaintiff failed to comply with the Court's previous order directing him to serve his discovery responses by January 9, 2015. (ECF No. 43.)

Given Plaintiff's failure to respond to Defendants' discovery requests and his failure to respond to two separate motions to compel, it appears he has abandoned this action. In addition, as mail sent by counsel to Plaintiff's address of record was returned, he has also

failed to keep the Court advised of his current address. These failures have severely prejudiced the Defendants in their efforts to defend this case. Therefore, this case is hereby DISMISSED, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and failure to comply with the Court's orders.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to prosecute also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is,

therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE